### G A BOECKLING CO v SCHWER,

Auditor, et

Ohio Appeals, 6th Dist, Erie Co

No. 293.  Decided May 13, 1929

King, Ramsey & Flynn, Sandusky, for Boeckling Co.

V. H. Gibbs, Asst Atty Gen and C. E. Moyer, Pros Atty, Sandusky, for Schwer.

**RICHARDS, J.**

During the argument in this court inquiry was made of counsel by the court if a motion for new trial had been filed in the court of common pleas and the information was furnished that none had been filed. It was not contended in any of the briefs then on file that a motion for new trial was necessary. Some days after the case was finally submitted, an additional brief was filed urging that a motion for a new trial in the court of common pleas was necessary. Without further discussion of that question, we are of the opinion that if a holding is to be made, that a motion for new trial is necessary in an error case, we should prefer that holding to be made by the Supreme Court. The proceeding to obtain a reversal of an order of the state Tax Commission has been held by the Supreme Court to be a proceeding in error, even though additional evidence is introduced.

**Floyd, Auditor, et al. vs. Manufacturers Light & Heat Co., 111 Ohio St., 57.**

We have examined with great care the large mass of evidence contained in the bill of exceptions and, as is usual in cases involving the value of real estate and buildings, there is a wide difference of opinion. Thoroughly competent and qualified witnesses differ very greatly as to the value to be affixed to this property. The section of the General Code already cited contains the limitation that the valuation fixed by the Tax Commission shall not be reversed, vacated or modified, unless it is shown by clear and convincing evidence that the value of the property as determined by the Commission is not the true value in money of such property.

The best consideration which we can give to the evidence in this case convinces the court of the fact that the value fixed by the Tax Commission is clearly and manifestly excessive in amount. It would serve no useful purpose in this case to discuss in detail the evidence contained in the bill of exceptions. We therefore content ourselves with announcing the conclusion reached by the court. We are unanimously of the opinion that all of the valuation in excess of $1,750,000.00 is excessive within the rule fixed by the statute.

The court therefore finds and adjudges that if the defendants in error will voluntarily remit from the valuation all in excess of the amount of $1,750,000.00, the order and valuation will be modified accordingly and as so modified will be affirmed. In the event that such remittitur is not consented to, the judgment of the common pleas court will be reversed on the ground that it is clearly and manifestly against the weight of the evidence as to the amount of the valuation and the cause remanded to the court of common pleas for further proceedings.

Williams and Lloyd, JJ, concur.